IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEWIS BARROW, #240 955, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 2:16-CV-634-MHT ) [WO] |
| DETECTIVE TERRY MILES, | ) ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *pro se* 42 U.S.C. § 1983 action on August 1, 2016. On September 12, 2016, the court entered an order of procedure directing Defendant to file an answer and special report. Doc. 6. This order advised Plaintiff that if he "moves to a different institution or is released, he must immediately inform the court and Defendant of his new address." *Id.* at 4, ¶6(h). The order also informed Plaintiff that "[f]ailure to comply with this requirement will result in a Recommendation that this case be dismissed." *Id.*

The court recently learned that Plaintiff is no longer housed at the Decatur Work Release Center, which is the last known service address the court has on file for him. *See* Doc. 19. Consequently, an order was entered on June 27, 2018, requiring that by July 9, 2018, Plaintiff file with the court a current address and/or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 24. This order specifically advised Plaintiff that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with it would result in the dismissal of this case. *Id*. The court has received no

response from Plaintiff to the aforementioned order nor has he provided the court with his current address.

The foregoing makes clear Plaintiff has failed to comply with the orders entered by this court and reflects a lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence. The court, therefore, concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this court and to prosecute this action.

It is further

ORDERED that **on or before October 4, 2018**, the parties may file an objection to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 21st day of September, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge